O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SILVANO JACOME VENEROZO, | ) | CASE NO. ED CV 10-01663 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Silvano Jacome Venerozo contends that the Social Security Commissioner wrongly denied his claim for disability benefits. Plaintiff argues that the Administrative Law Judge ("ALJ") improperly evaluated the opinion of his treating opinion, erred in determining his residual functional capacity, and failed to adequately support the determination that Plaintiff could return to his past relevant work. The Court disagrees, as explained below.

Plaintiff first argues that the ALJ erred in rejecting the opinion of his treating physician, Dr. Rada. Dr. Rada opined, among other things, that Plaintiff could lift no more than ten pounds; could stand, walk or sit for no more than two hours during an eight-hour workday; could occasionally twist and stoop but never crouch or climb stairs or ladders; and would likely be absent from work about three times per month. (AR 210-12.) The ALJ rejected Dr. Rada's opinion because it was "exaggerated in the extreme in its limits,"

"grossly accommodative and indulgent," and "not in the least supported by the records." The ALJ also accused Dr. Rada of having "obvious financial motivation," a finding the Commissioner concedes was improper. (AR 16.) The ALJ's other reasons are strongly worded, but his finding that the evidence of record undermines Dr. Rada's opinion is supported by substantial evidence. No other medical source assessed Plaintiff with such extreme limitations. As the ALJ noted, examining neurologist Dr. Maze found that Plaintiff had experienced "considerable improvement" after his stroke and opined that he was capable of performing medium work with no restrictions. (AR 189-90.) The State agency reviewing physicians also assessed Plaintiff with a much less restrictive residual functional capacity than did Dr. Rada. (AR 192-97, 207-08.) Moreover, Dr. Rada's own treatment notes, though nearly illegible, do not appear to support his assessment of Plaintiff's limitations. (*See* AR 166-79, 200-06.) Accordingly, the ALJ properly rejected Dr. Rada's opinion because he provided at least one valid reason for doing so. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that ALJ properly rejected claimant's credibility despite providing two illegitimate reasons for doing so, because two other reasons were valid); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.").

Plaintiff also argues that the ALJ erred in considering other medical evidence in assessing Plaintiff's residual functional capacity. Specifically, Plaintiff contends that the ALJ failed to consider the opinion of a physical therapist and of another treating physician, Dr. Lo. A physical therapist is not an "acceptable medical source," however, and an ALJ must provide an explanation only when he rejects "significant probative evidence." 20 C.F.R. § 416.913(a); *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Plaintiff has not demonstrated that the physical therapist's assessment constitutes significant or probative evidence. The physical therapist's observations about Plaintiff's

functionality were similar to Dr. Maze's, yet Dr. Maze still opined that Plaintiff was capable of performing medium work. (*See* AR 183-84, 187-90.) As for Dr. Lo, the record contains only one treatment note from him and he is Dr. Rada's colleague. (AR 202.) Dr. Lo did not assess Plaintiff's limitations in functional terms, and even though he "extend[ed] [Plaintiff's] disability [for] 8 weeks," he did so at Plaintiff's request and provided no indication that he expected Plaintiff to remain "disabled" for at least twelve months. Accordingly, the ALJ's failure to specifically discuss Dr. Lo's opinion was harmless error. *See Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Finally, Plaintiff argues that the ALJ did not adequately explain his determination that Plaintiff could return to his past relevant work as an auto mechanic. Although the ALJ's explanation of this finding was cursory, any error was harmless. The ALJ determined that Plaintiff retained the residual functional capacity to perform the full range of medium work. The DICTIONARY OF OCCUPATIONAL TITLES explains that the occupation of automobile mechanic involves medium work. DICTIONARY OF OCCUPATIONAL TITLES § 620.261-010. Accordingly, the ALJ did not err in determining that Plaintiff could perform his past relevant work.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: November 29, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE